## DETERMINED IN THE

# SECOND DEPARTMENT,

### AT

## GENERAL TERM,

## May, 1884.

---

## CHARLES OLSON, Appellant, v. WILLIAM P. CLYDE, Respondent, Impleaded, etc.

*Negligence — the owner of a ship is not liable for injures occasioned to a sailor through the negligence of the mate.*

The complaint in this action stated that the plaintiff on September 29, 1880, was a common seaman on a steamer owned by the defendants, which was then in charge of the captain and mate; that the plaintiff and another sailor were directed by the mate to pay out a hawser, which could not safely be done by one man; that while engaged in this work the mate directed the sailor assisting the plaintiff to leave the hawser and go to another part of the steamer; that although the plaintiff protested and told the mate that it was impossible for him to manage the hawser alone, and that it would endanger his life to try to do so, the mate persisted in ordering his companion to leave him; that thereafter, in despite of the plaintiff's exertions, his leg became entangled in the hawser and was torn off; that the accident would not have happened if the fellow servant had not been taken away, and that it was caused wholly by the negligent and wrongful acts of the defendants' officers.

*Held*, that as it appeared that the plaintiff's injuries were occasioned by the negligence of a fellow-servant, the mate, the defendants were not liable for the damages sustained.

Appeal from a judgment, entered upon an order sustaining a demurrer to the complaint.

The action was brought by the plaintiff against the defendants, the owners of a line of steamships, to recover damages for an injury sustained by him while in their employ as a common seaman.

The complaint alleged, among other things, that on the 29th day of September, 1880, this plaintiff was in their employment as a sailor or common seaman, on one of said steamships known as the "Benefactor," which sailed between the cities of New York and Wilmington, North Carolina; that as such sailor or seaman, it was his duty, and he was bound to perform any work or service relating to the management or sailing of said ship, which the captain or mate thereof should direct him to perform. That it was also the duty of defendants to employ on board of said ship a captain and mate or masters of the requisite skill or knowledge to direct the seamen in the management or navigation of the said ship. It was also the duty of the defendants to employ a sufficient number of seamen to perform the duties which the masters might lawfully, reasonably, and safely require of them; that on the said 29th day of September, 1880, the said steamship was being moved from one pier in the city of Brooklyn to another about one mile therefrom; that for that purpose it was made fast to a steam-tug by a line running from said steam-tug to the stern of the steamer; that said steam-tug was in motion towing the steamer from the dock; that in addition to the said line connecting it with the tug a large hawser, known as a ten-inch hawser, was fastened to a spile on the dock and the other end was upon the bow of the steamer near a cleat, the bow being about twenty feet distant from the dock, away from which the steamer was moving. At that time the said steamer was in charge of the captain and first mate, who, with the other officers and sailors, including the plaintiff, were upon the deck of said steamer, giving orders and directing the sailors what to do in and upon said steamer; that then and there the said first mate directed plaintiff and another sailor named Benscn, to go to the bow and take up said hawser and to wind it or take turns of it about the cleat or bit to check the too rapid movement of that end of the steamer, so that the stern might gradually swing around and the steamer get into proper position for being towed in a direct line; that said particular service could have been easily and safely performed by two sailors assisting each other, but one alone and unaided could not have safely undertaken to perform it; that it required one of said sailors to wind the hawser around the cleat or bit and the other to take hold of that portion of the

hawser which lay loose upon the deck, so as to prevent it from twisting and to keep it paying out in a direct line. The said plaintiff and Bensen obeyed the orders of the said mate, the plaintiff winding the said hawser around the cleat or bit, and holding it so as to gradually slacken the movement of the steamer, and the said Bensen assisted the plaintiff by holding on to the said hawser behind him and by also holding and guiding the loose end of the hawser so as to keep it paying out in a straight line and prevent it from curling around or about the feet of the men. While the plaintiff and said Bensen were so engaged, and the steamer was straining heavily in moving from the dock, and the hawser was gradually slipping or paying out through the plaintiff's hands, the said mate directed the said Bensen to drop his end of the hawser and go to another part of the steamer. Thereupon the said plaintiff and the said Bensen protested against the plaintiff being left alone, and called the attention of the said mate to the fact that it was impossible for plaintiff to manage the hawser by himself, and that if plaintiff was compelled to stay there alone it would endanger his life; that thereupon the said mate disregarding the protests of the plaintiff and said Bensen, carelessly, negligently and wrongfully insisted upon said Bensen leaving. That said Bensen, in obedience to the instructions of said mate was forced to leave and did leave and let his end of the hawser fall upon the deck behind plaintiff; that plaintiff thereupon used his utmost strength and skill to keep the hawser from his feet so as not to be entangled by it, but was unable to do so by reason of the force with which the steamer was straining from the dock, which required all of plaintiff's efforts to prevent it from slipping through his hands around the cleat too rapidly; that by a sudden movement of the steamer the said hawser was drawn more rapidly through his hands, and notwithstanding plaintiff's strongest efforts to prevent an injury, the other end of the said hawser which had been dropped by said Bensen was forcibly and violently wound and twisted around his right leg. Thereupon the said plaintiff used his best efforts to disentangle himself, but in spite of his most strenuous efforts the said hawser was tightly drawn around his leg and plaintiff was drawn against the bit and his leg was entirely torn off; that said accident would not have happened if said Bensen had been permitted to assist plaintiff; that said injury was wholly caused

through the negligence and wrongful acts of the defendants' officers, and that plaintiff was entirely free from and guiltless of any negligence, unskillfulness or wrong whatever.

The demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Adolphus D. Pape,* for the appellant.

*E. C. Boardman,* for the respondent.

PRATT, J. :

It is argued for the appellant that as the master of the vessel is alleged to have been on deck superintending affairs at the time the negligent order was given, his assent and approval must be assumed and the order be regarded as his own. This by no means follows. It is not alleged that the master had personal knowledge of the order complained of. It is not possible for the officer in charge of the deck of a steamer to personally hear every order given on a distant part of the vessel. If in fact he heard it and ratified the order by his silence, that should have been distinctly alleged by the pleader if deemed material.

It is argued that as plaintiff was a seaman, bound to obey the orders of his superior officers and liable to punishment by law if he refused obedience, he is removed from the operation of the rule that he cannot recover for the negligence of a co-employe.

Although the peculiar relations of the common seaman to his superior officers may relieve him from being charged with contributory negligence in obeying an order which exposes him to peril, we do not think the effect of these relations extends so far as to enable him to recover for the negligence of a co-employe.

The master of a vessel may be the *alter ego* of the owners, but the mate, when the master is on board, is not an *alter ego.* Though of superior grade and with power to compel obedience, he is yet a fellow servant, and for his negligence a co-employe cannot recover. The general rule is still in force and the action must therefore fail. (*Wright* v. *N. Y. Central Railroad,* 25 N. Y., 565.)

The judgment should be affirmed.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order sustaining demurrer to plaintiff's complaint affirmed, with costs.